*IN RE* COVIN'S ESTATE.

1. On appeal from the Probate Court, the Circuit judge, upon the testimony taken below and upon additional testimony taken by consent before the master, sustained one of the Probate judge's findings of fact and reversed another. On appeal to this court, these findings of the Circuit judge were approved.

2. Testator devised his lands specifically but directed all of them to be valued and "each legatee to be equal." After making his will, testator caused twenty-four acres of the tract devised to his daughter, T., to be surveyed and laid out for her, and put her and her husband in possession, but executed no deed; and upon this land T. and her husband put improvements. *Held*, that in making the devisees equal, the increased value of these twenty-four acres by reason of the improvements, should not be estimated.

3. Under proceedings had in the Court of Probate for a settlement of this estate, a note of one of the devisees, barred by the statute of limitations, could not be set off against his devise, but his interest in the personal estate should be retained to that extent.

4. The Court of Probate, on petition of the executors, had jurisdiction of the settlement of this estate, it being a matter testamentary, and, as incident to such settlement, of the matters therein involved.

---

Before WALLACE, J., Abbeville, February, 1883.

This was a petition filed in the Probate Court on May 11th, 1881, by P. A. Covin and S. R. Morrah, qualified executors of Louis Covin, deceased, for final discharge and settlement. The will was dated November 3d, 1875, and testator died July 9th, 1880. S. R. Morrah died August 2d, 1882. The case is otherwise fully stated in the opinion of this court and the Circuit decree. The latter was as follows:

This case is an appeal from the decree of the Probate judge and was heard by me upon exceptions, as follows:

The executor appealed upon the ground that the Probate judge erred in deciding that Mrs. M. M. Tarrant, one of the legatees under the will of Louis Covin, deceased, should be allowed $1.50 per acre for improvements placed upon the land devised to her and her children in the will, she not being entitled to any deductions in regard to said improvements. The testimony shows that the testator sold to M. M. Tarrant, during his life-time, the improvements put upon the place by the said Tarrant, and it further appears that Mrs. Tarrant subsequently made improvements on the place, believing that the place belonged to her. This exception is overruled, and the decision of the Probate judge affirmed.

Mrs. M. E. Tarrant appeals from the said decree upon the grounds: 1. Because the Judge of Probate erred in not giving to a certain instrument of writing, executed by the testator, by which he gave to the said M. E. Tarrant twenty-four acres of land and the improvements thereon, the effect of a deed. The plat of said twenty-four acres, and the possession of the land having been delivered by the testator to the said M. E. Tarrant, this exception is overruled, and the decision of the court below affirmed.

2. Second exception. Because the Judge of Probate erred in not charging J. L. Covin with the amount of the purchase-money of the tract of land on which the said J. L. Covin now lives, he having executed his promissory note for $500, dated April 1st, 1873, for the same in favor of the testator, Louis Covin. It being in proof that J. L. Covin had not paid said note, and that it is still a subsisting demand against J. L. Covin, in favor of the estate of Louis Covin, Judge Cothran referred the following issues to a jury. Subsequently the parties agreed that the testimony should be taken by the master, and upon his report this exception came before me. The issues were: 1. Did J. L. Covin execute and deliver to Louis Covin a note for $500, dated April 1st, 1873? 2. Did the testator destroy the said note for the purpose of forgiving the debt? 3. Was said note assigned and transferred to a third party?

The testimony satisfies my mind that J. L. Covin did execute and deliver to Louis Covin, a promissory note for $500, dated

April 1st, 1883 ; that the said note has not been destroyed by testator with the intention of forgiving the debt, and that the said note has not been assigned and transferred.

This exception is sustained, and it is ordered and adjudged that J. L. Covin be held to account for the said note of $500, with interest from April 1st, 1873, from his share of the estate of the said Louis Covin, deceased. That the Probate judge take testimony, and allow such credits as appear to be due on this note. Further ordered, that the case be remitted to the Probate Court for such proceedings as are necessary to carry out this decree, and that the settlement of said estate be made in accordance therewith.

From this decree an appeal was taken by the executor, and by James L. Covin. The exceptions raise the precise points considered by this court.

*Messrs. Noble & Noble,* for executor, appellant.

*Mr. W. A. Lee,* for J. L. Covin, appellant, in whose behalf was also read argument of *Mr. A. Burt,* deceased.

*Mr. L. W. Perrin,* for Mrs. Tarrant, respondent.

March 4th, 1884. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The petition below was filed in the Probate Court by the qualified executors of Louis Covin, deceased, for the settlement of his estate. The testator left a will in which he devised certain tracts of land to his wife and children, directing said lands to be valued, " each legatee to be equal." He then directed that the balance of his lands and other property be sold, and the proceeds be divided equally among his wife and children, appointing James L. Covin, P. A. Covin and S. R. Morrah, his executors, the two last of whom alone qualified.

Upon the hearing by the Probate Court, Mrs. Martha E. Tarrant, a daughter of the deceased, and to whom a tract of land had been devised as above, claimed that upon the equalization of the lands, she should not be charged with the improvements on

her tract, because, as to the house, her husband, M. M. Tarrant, had bought it from her father in his life-time, and that she herself had put the other improvements on the place, after she went into possession, which was also during the life of her father, he having placed her in possession before his death. The Probate judge upon testimony found, as a fact, that M. M. Tarrant had bought the house from the deceased at the price of $500, for which he gave his note, which note went into the possession of the executors and was sold by them as part of the testator's estate. He also found as matter of fact, that the additional improvements had been put on the place by Mrs. Tarrant after her possession, and he directed that Mrs. Tarrant should have credit in the appraisement for $1.50 per acre for these improvements, including the house, which reduced her land to $6.50 per acre.

J. L. Covin, one of the devisees, had been indebted to his father in the sum of $500, by note dated before April, 1873. This note was barred by the statute of limitations in the life-time of the father, and had been destroyed by him. The Probate judge held, that the testimony before him was not sufficient to charge the said J. L. Covin with this note in the settlement.

From this decree an appeal was taken to the Circuit Court, where the issues involved were heard by Judge Wallace, by agreement of parties, upon testimony taken and reported by the master, as well as that previously taken by the Probate judge, who, concurring with the Probate judge as to the matter of improvements claimed by Mrs. Tarrant, affirmed his rulings in that respect. He, however, differed in reference to the note of J. L. Covin, and finding, as matter of fact, that this note had not been destroyed by the testator with the intent to forgive it, he decreed that Covin should account for it, ordering the case remanded to the Probate Court, to be carried out in accordance with his findings and rulings. The questions now before the court are the same as those raised below with the additional ground that the Probate Court had no jurisdiction over the question of the equalization of the lands, nor as to the accountability of J. L. Covin for his note of $500. The case as heard below involved questions of fact as well as of law, all of which are presented in this appeal. First, as matter of fact, had M. M. Tarrant pur–

chased the house which was on the land devised to his wife, and did she erect the other improvements on the place, after she went into possession and during the life of the father? Secondly, was the Circuit judge correct in finding that the note of J. L. Covin had not been destroyed by the testator with the intention of forgiving it. As to these findings we do not see that manifest error which alone would warrant us in overruling them; we cannot say that there is an absence of all testimony or that the evident weight of it is adverse. We must, therefore, regard the facts as found by the judge, to be established, and must declare the law applicable to such facts.

In leaving directions in his will that the land devised should be valued so that each devisee should be made equal, did the testator intend that his daughter should account for the house, which before his death he had sold to her husband, or for the other improvements which she had put upon it, after he had had it surveyed for her and had himself placed her in possession? It is true that he had not executed a deed to her, and therefore the title was still in him, but it is in evidence that he directed a survey to be made, upon the plat of which was indorsed by the surveyor, "That by the request of Louis Covin, he had surveyed and laid out for Mrs. Tarrant the twenty-four acres" upon which the improvements were placed. This survey was dated March, 1878, some three years after the date of the will. Under this survey Mrs. Tarrant went into possession, and was in possession at the death of her father. She had every reason to believe that the land had been given to her by her father, and especially that the improvements which, in his presence and by his acquiescence, if not by positive permission, she was putting on the place, would redound to her benefit. We think there is enough in the case to bring her claim under the principle of equity which allowed improvements in the cases of *Scaife* v. *Thomson*, 15 *S. C.* 368; *Williman* v. *Holmes*, 4 *Rich. Eq.* 476, and *Johnson* v. *Harrelson*, 18 *S. C.* 604, or at least that the executors are estopped by the conduct of the testator. *Big. Estop.* 480; *Bollman* v. *Bollman*, 6 *S. C.* 46; *Bull* v. *Rowe*, 13 *S. C.* 370.

Next, the case of *Wilson* v. *Kelley*, 16 *S. C.* 216, seems con-

clusive on the question of the note of J. L. Covin, so far as to exclude him from any participation in the residue of the estate, unless he accounts for his note, but he cannot thereby be debarred from getting the land devised to him. The will gives him title against everybody except creditors, and the note, even if it were not barred by the statute, could not be counter-claimed against the land. But his interest in the residue is in a different position. The will directs this residue to be sold, and the proceeds to be equally divided between the testator's wife and children. J. L. Covin's portion of these proceeds, after the sale, will be in the hands of the executors, his creditors, and they will have the right to apply it to the debt which he owes, which, although protected from suit by the statute, is yet not paid as found by the Circuit judge.

We do not see the force of the jurisdictional question raised. The matter of equalizing the lands devised is embraced in the will. The executors are before the Probate Court seeking a settlement and a discharge from their trust. The Probate Court has jurisdiction in matters testamentary. The settlement which is sought must be made in accordance with the provisions of the will. This is certainly testamentary. The executors cannot be discharged until they make a settlement such as the will demands. This involves the judgment of the Probate Court as to the terms of settlement, and the rights of the parties, subject to appeal, of course, to the Circuit Court.

This objection cannot avail, nor can the other, that the Probate Court has no jurisdiction of the note of J. L. Covin. The most of the positions taken by appellant's counsel on that subject are no doubt correct, to wit: That J. L. Covin is not liable to account to a legatee, nor to creditors of the estate, nor could the executors sue him in the Probate Court on his note. But neither of these principles are involved here. There is no attempt to enforce payment of his note by either legatee, creditor or the executors. The question on the contrary is, whether the executors shall be required to pay over to him certain interests which, under the will of his father, he seems to be entitled to. He is a devisee and legatee under this will and the estate cannot be settled without determining his interests, as well as that of all

the other parties, and in defining and adjudging his interests all the facts connected therewith must be considered. The executors are seeking no judgment on the note against him, but they are seeking a decree as to the conditions upon which they shall pay over to him such interest as he may have in their hands.

It is the judgment of this court that the judgment of the Circuit Court be modified in so far that the devise of the tract of land to J. L. Covin shall not be affected by his unpaid note to the estate. In all other respects it is affirmed. Let the case be remitted to the Probate Court to be carried out as herein announced.